UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

GEORGE S. LOUIE, et al.,

        Plaintiffs,

    v.

JO-ANN STORES, INC., et al.,

        Defendants.

NO. CIV. S-06-2113 FCD DAD

MEMORANDUM AND ORDER

----oo0oo----

    This matter is before the court on plaintiffs' motion to remand this matter to the Sacramento County Superior Court on the grounds that plaintiffs' complaint alleges only state-law claims and lacks federal question jurisdiction on its face.[1]  Defendants oppose the motion, arguing removal was proper as plaintiffs' state law disability-discrimination claims,[2] challenging the

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 78-230(h).

[2] In their first amended complaint, plaintiffs allege seven causes of action: (1) violation of California's Unruh Civil Rights Act ("Unruh Act") (Cal. Civ. Code § 51 *et seq.*); (2) violation of California's Disabled Persons Act ("DPA") (Cal. Civ. Code § 54 *et seq.*); (3) violation of California Health & Safety Code § 19955 (denial of full and equal access to a person

1

architectural barriers at the defendant stores, are based on violation of the federal Americans with Disabilities Act of 1990 (the "ADA") and seek remedies only available under the ADA.

The court summarily REMANDS the instant action to the Sacramento County Superior Court on the basis of its prior order in Louie v. Exide Technologies, Civ. S-06-1591, filed July 20, 2006, and the various other orders of this court addressing the issue presented here,[3] namely whether references to the ADA in a complaint in order to establish violations of California statutes[4] confer federal question jurisdiction over such a complaint.  As the Ninth Circuit made clear in Wander v. Kaus, 304 F.3d 856, 859 (9th Cir. 2002), "[f]ederal-question jurisdiction is not created merely because a violation of federal law is an element of the state law [statutory] claim."  As such, remand is warranted in this case as it was in Louie v. Exide Technologies.

Here, plaintiffs have stated only claims arising under state law, and any reference to federal law under the ADA is made to

---

with physical disabilities in a public facility); (4) negligent infliction of emotional distress; (5) negligence; (6) negligence per se; and (7) declaratory relief.  (Ex. A to Removal Not., filed Sept. 22, 2006.)

[3] See e.g., Martinez v. Del Taco Inc., et al., Civ. S-05-1418 WBS PAN, Order, filed February 14, 2006; Wilson v. Murillo, et al., Civ. S-05-1948 DFL JFM, Mem. & Order, filed May 30, 2006; Vaughn v. Washington Mutual Brokerage Holdings Inc., et al., Civ. 06-1223 GEB DAD, Order, filed Sept. 1, 2006; Sanford v. Del Taco, Inc., et al., Civ. S-04-2154 GEB EFB, Order, filed Sept. 15, 2006.

[4] The Unruh Act provides: "[a] violation of the right of any individual under the [ADA] shall also constitute a violation of [the Act]."  Cal. Civ. Code § 51(f).  The DPA provides the same.  Cal. Civ. Code 54.1(d).

2

establish a violation of *state* law, *not* the ADA itself.  Indeed, that plaintiffs do not seek to press an ADA claim is made abundantly clear in their motion to remand.  While plaintiffs do request remedies in their complaint, which may be exclusively provided by the ADA (e.g., "readily achievable" access barrier removal), such allegations do not transform plaintiffs' state law claims into federal claims.  If state law does not afford plaintiffs certain remedies, then those remedies will not be awarded by the state court, but it is for *that* court to decide the issue.  See Sanford v. Del Taco, et al., Civ. 04-2154 GEB EFB, Order, filed Sept. 18, 2006, at 10-12.[5]

Therefore, this case is REMANDED to the Sacramento County Superior Court.  As the court cannot find that defendants had no reasonable basis for removal, the court, in its discretion, denies plaintiffs' request for attorneys' fees incurred in bringing the motion.  28 U.S.C. § 1447(c); Moore v. Permanente Med. Grp., 981 F.2d 443, 446-47 (9th Cir. 1992).

IT IS SO ORDERED.

DATED: November 20, 2006

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

---

[5] Defendants also removed this action on the basis of a settlement agreement Jo-Ann Stores entered into with the United States Department of Justice ("DOJ").  Defendants argue that because the DOJ has determined Jo-Ann's obligations under the ADA and assumed the power of enforcement nationally, this action should be adjudicated in federal court to "avoid construction of the ADA or injunctive relief which is inconsistent with the Settlement Agreement."  (Opp'n, filed Oct. 27, 2006, at 5.)  Defendants, however, cite no case law, nor is the court aware of any, to support their position that said agreement confers jurisdiction over this action by this court.

3